UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

JANE D. SALAMANCHA                           CASE No. 3:02CV1900(WWE)
    Plaintiff

v.

UCHC-CMHC                                    FEBRUARY 4, 2004
    Defendant


**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS**

**I.      PRELIMINARY STATEMENT**

Plaintiff filed this action on October 25, 2002. The action is brought pursuant to the "Americans With Disabilities Act of 1990, as amended, 42. U.S.C. § 12101, et. seq. for employment discrimination on the basis of a disability against a private employer. "Plaintiff seeks an injunctive order for accrued time allegedly lost, back pay, monetary damages, a formal apology, and costs and attorneys' fees.

This action was not served upon defendant until July 11, 2003.

The crux of plaintiff's complaint is the "non-acceptance of medical note by MD restricting mandatory over time (while co-workers notes were accepted) and delaying my back to work status due to medical note @ maximum medical improvement." The alleged discrimination occurred between 3/24/99 and 10/25/01. The Connecticut

Commission on Human Rights and Opportunities determined there was no probable cause to believe that discrimination had occurred. The EEOC adopted the findings of the CT CHRO and issued a dismissal and Notice of Right to Sue Letter on August 19, 2002. Plaintiff alleges this Notice was received August 24, 2002.

Plaintiff is pro se. Respondent is the University of Connecticut Health Center, Correctional Managed Health Care. Plaintiff is employed by UCHC at Garner Correctional Institution.

## II.     ARGUMENT

### A.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's ADA Claim

The Eleventh Amendment deprives this Court of jurisdiction under the ADA.

The University of Connecticut of which the University of Connecticut Health Center is a constituent unit, is an arm of the State and thus entitled to rely on the protections granted by the doctrine of sovereign immunity. Banerjee v. Roberts, 641 F. Supp. 1093 (D. Conn. 1986); Fetterman v. University of Connecticut, 192 Conn. 539 (1984). The UConn Health Center, as an arm of the State, is entitled to Eleventh Amendment immunity. Kirkendall v. University of Connecticut Health Center, 205 F.3d 1323 (2nd Cir. 2000). Therefore, plaintiff's claim for monetary damages must be dismissed. Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001) (the Eleventh Amendment bars suits in federal courts by state employees seeking monetary damages pursuant to Title I of the ADA).

### B.    Plaintiff Has Failed To State a Claim For Relief Under The ADA

In order to establish a prima facie claim of discrimination under the ADA, plaintiff must show: (1) that she is "disabled" within the meaning of the Act; (2) she is able to perform the essential functions of her job, either with or without reasonable accommodations and (3) that her employer took action against her in whole or in part because of that disability. See Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997), cert. denied, 118 S.Ct 1044(1998).

Plaintiff's complaint fails to allege any of the above. That plaintiff had a physician's note restricting mandatory overtime does not mean that she has alleged that she had a physical or mental impairment that substantially limits one or more of her major life activities so as to be "disabled" within the meaning of the ADA. See Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994), cert. denied, 523 U.S. 1147 (1995). The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. §1630.2 (j)(3). There are vast employment opportunities available which require only 40-hour work weeks. Without more, plaintiff has failed to allege a claim under the ADA. See Bragdon v. Abbott, 524 U.S. 624 (1998) (plaintiff failed to allege she has an impairment that "substantially limits" a "major life activity" as is required under the ADA); Evans v. General Motors Corp., No. 96-7430, 1997 U.S. App. Lexis 1506 (2d Cir. Jan 23, 1997) (granting summary judgment where plaintiff had "failed to plead the requisite substantial limitation to a life activity and ha[d] not established that he [was] 'disabled' within the meaning of "the ADA); Sacay v. Research Found., 44 F. Supp. 496, 501-02 (E.D.N.Y. 1999) (dismissing case where plaintiff failed to specify the major life activity that was substantially limited

by her alleged disabilities); Buckley v. consolidated Edison Co., 908 F. Supp. 217, 219 (S.D.N.Y. 1995).[1]

Moreover, plaintiff has failed to allege that defendant's alleged failure to accept this physician's note was due, in whole or in part, to a disability, as yet unspecified.

For the foregoing reasons, plaintiff has failed to state a cause of action under the ADA for injunctive relief.

### C. This Court Lacks Personal Jurisdiction For Improper Service of Process

F.R.C.P. 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.....

This complaint was filed October 25, 2002. Service was not made upon the defendant until July 11, 2003, 259 days later. Good cause has not been shown for this failure to comply with the mandate of F.R.C.P. 4(m). "The Second Circuit has held that dismissal is mandatory when a party is not served within the 120-day time limit and where there is no showing of good cause." Ogbo v. New York State Dept. of Taxation and Fin., 2000 U.S. Dist. Lexis 12848, No. 99 Civ. 9387, 2000 WL 1273840, at *2 (S.D.N.Y.) Sept. 6, 2000) (citing Zankel v. United States, 921 F.2d 432, 436 (2d Cir.

---

[1] Nor does plaintiff even allege that she has a record of an impairment that limits a major life activity, or that she was regarded by her employer as having such an impairment. 42 U.S.C.§ 2102(2).

1990)).  See also Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 287 (2d Cir. 1989), cert. denied, 494 U.S. 1028 (1990).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests its Motion to Dismiss be granted.

                        DEFENDANT
                        UNIVERSITY OF CONNECTICUT
                          HEALTH CENTER

                        RICHARD BLUMENTHAL
                        ATTORNEY GENERAL


                        JANE D. COMERFORD
                        ASSISTANT ATTORNEY GENERAL
                        UNIVERSITY OF CONNECTICUT
                          HEALTH CENTER
                        263 Farmington Avenue
                        Farmington, CT 06030-3803
                        Tel. (860) 679-1114
                        Fax (860) 679-1997
                        E-Mail-Comerford@adp.uchc.edu

## **CERTIFICATION**

This is to certify that on this 4th day of February, 2004 the foregoing was mailed to pro se plaintiff as follows pursuant to FRCP 5(b).

        Jane M. Salamancha, pro se
        32 Millo Drive
        Monroe, CT 06468


        _____
        Jane D. Comerford
        Assistant Attorney General